IN THE UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN
DISTRICT OF FLORIDA

In re
MARY ADELEKE                                  Chapter 7
Debtor.                                       No. 09-16347-BKC-AJC

_____/ /
MARY ADELEKE,

       Plaintiff,

v.

LYNN H. GELMAN, ESQ., and
LYNN H. GELMAN, P.A.,

       Defendants.
_____/

## Defendants' Notice of Removal

Lynn H. Gelman, Esq. and Lynn H. Gelman, P.A., pursuant to 28 U.S.C. §1334 and §1452, Federal Rule of Bankruptcy Procedure 9027, and Rule 87.2 of the Local Rules of the Southern District, hereby removes the pending civil action entitled *Mary Adeleke v. Lynn Gelman and Lynn Gelman, P.A.*, case no. 11-031138 CA01 (30) from the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, case no. 11-031138 CA01 (30), to the United States Bankruptcy Court for the Southern District of Florida; and would show:

### Factual Background

1.    On April 7, 2009, Mary Adeleke, through her attorney Lynn Gelman, filed a voluntary Chapter 11 bankruptcy petition.[1] Adeleke would testify during her 2004

---

[1]   *In re Adeleke*, 09-16347-AJC, Southern District Bankruptcy Court, D.E 1. (all docket entries in this notice refer to the Chapter 7 case).

examination that she entered into bankruptcy due to a convergence of multiple factors, including significant back taxes.[2] Adeleke would later testify that the true impetuous for the Bankruptcy petition was to stop a sheriff's sale of five acres of land that her divorce attorney was attempting to execute a lien on.[3]

2.  Early in the Chapter 11 proceedings, the U.S. Trustees' office moved to convert the case to a Chapter 7 proceeding.[4] This was done due to substantial non-compliance by Adeleke of the various filing requirements necessary to the proper administration of a Chapter 11 estate.[5] The Trustee's office would allege that these various deficiencies were evidence of Adeleke's "inability to manage her affairs and effectively maneuver through the reorganization process."[6] The Bankruptcy Court would subsequently appoint a Chapter 11 Trustee to facilitate the orderly management of the estate.[7] Eventually, however, the motion to convert was granted, and the case was converted to a Chapter 7 proceeding on September 25, 2009.[8]

3.  After the case was converted, Adeleke fired Lynn Gelman as her attorney. Adeleke would then go through three more attorneys during the course of the

---

[2] D.E 221 p. 35.

[3] D.E. 261, p.9.

[4] D.E. 22.

[5] D.E. 22, pp. 1 -2.

[6] D.E. 22, p. 4.

[7] D.E. 70.

[8] D.E. 101.

administration of the estate. She would file multiple motions to dismiss or convert back to a Chapter 11 proceeding, all of which failed.

4.     On September 27, 2011, Mary Adeleke filed a legal-malpractice action against Lynn Gelman and her law firm in Miami-Dade County. In the Complaint, which is attached as an exhibit to this Notice, Adeleke claims that Gelman committed legal malpractice when she filed the Chapter 11 petition against her wishes. She then claims that Gelman was negligent in "allowing" the case to be converted to a Chapter 7 proceeding. Finally, she claims that Gelman was negligent in "allowing" certain property of the estate to be sold or impaired, including a personal injury lawsuit and several properties.

## Timeliness of Notice

5.     Service of process was perfected on Mrs. Gelman and her firm on October 7, 2011. Therefore, this notice of removal is timely filed pursuant to Federal Rule of Bankruptcy Procedure 9027(3)(a) as it was filed within thirty days of service of process using the time computations contained in Bankruptcy Rule 9006.[9]

## Basis for Removal and Jurisdiction

6.     Adeleke's malpractice suit is being removed because: (a) the lawsuit is arguably the property of the bankruptcy estate as it involves conduct sufficiently rooted in the Debtor's prepetition past, (b) Adeleke's claim for damages matured at the time of the filing of the petition, and may provide a source of income for the

---

[9] Specifically, the actual date service of process was perfected was not considered in making this computation. Therefore, the thirty days to remove began on October 8, 2011. Furthermore, because the thirtieth day fell on a weekend, the actual deadline for removal occurred on the next day that was not a weekend or legal holiday: Monday November 7, 2011.

Estate[10]; and (c) the issues implicated by the lawsuit are inseparable from the Chapter 7 proceedings; the underlying facts giving rise to the suit could not have arisen outside of bankruptcy.[11]

7.    This action is removable under 28 U.S.C. §1452, as this court has jurisdiction over the action pursuant to 28 U.S.C. §1334.

8.    The removed case is related to the main Bankruptcy Case under 28 U.S.C. §1334(b). District courts have "original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11."[12] The legal-malpractice claim involves matters solely involving the bankruptcy proceedings, negligence related to it, and the propriety of the underlying decision to go into bankruptcy. As a result, this case falls within the Court's "arising in" jurisdiction as all of the conduct is intertwined with the bankruptcy proceedings and would not exist in their absence.[13]

9.    This matter is being removed directly to the bankruptcy court based upon Local Rule 87.2 of the Federal Southern District of Florida. Pursuant to that Rule, all cases arising under, in, or are related to, a proceeding initiated under Title 11 of the United States Code are referred to the Bankruptcy Judges for the District and shall be commenced in Bankruptcy Court. This rule explicitly requires notices of removal to be filed directly with the Clerk of the Bankruptcy Court.

---

[10]    *See, e.g., In re Alvarez*, 224 F.3d 1273 (11th Cir. 2000)(legal malpractice claim for improper filing of Chapter 7 petition belonged to bankruptcy estate and arose pre-petition).

[11]    *See, e.g., In re Alvarez*, 200 B.R. 259 (Bankr. M.D. Fla. 1996)(legal malpractice claim was inseparable from bankruptcy case).

[12]    *In re Repository Technologies, Inc.*, 601 F.3d 710, 719 (7th Cir. 2010); *see also In re Cent. Ill. Energy, L.L.C., 07-82817,* 2010 WL 2491019 (Bankr. C.D. Ill. 2010).

[13]    *Id.*

### Core Proceeding

**10.** Because this is a case that involves the Debtor suing her bankruptcy attorney, upon removal to the bankruptcy court, this suit would constitute a core proceeding under 28 U.S.C. §157.[14]

### Venue

**11.** Venue for removal is proper in this Court under 28 U.S.C. §1452(a) and Bankruptcy Rule 9027(a) because the removed claims and causes of action are pending in a Circuit Court within this District, the Court already has jurisdiction over the primary bankruptcy case, and the Court has jurisdiction over this claim generally via 28 U.S.C. §1334.

### Miscellaneous Requirements

**12.** This notice is accompanied by a copy of all process, pleadings, and orders in the removed case, attached hereto as exhibit 1.

**13.** Promptly after the filing of this notice, the undersigned shall file a copy of this notice with the Clerk of the Eleventh Judicial Circuit in and for Miami-Dade County and give notice of removal to the Plaintiff.

**14.** All other prerequisites for removal have been satisfied.

---

[14] *See Grausz v. Englander*, 321 F.3d 467, 471 (4th Cir. 2003); *see also In re Southmark Corp.*, 163 F.3d 925, 931 (5th Cir. 1999).

No. 09-16347-BKC-AJC

WHEREFORE, Lynn Gelman and Lynn Gelman, P.A. requests Adeleke's malpractice suit be removed to the Unites States Bankruptcy Court for the Southern District of Florida.

CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of November, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and have provided a copy via e-mail and U.S. Mail to: MARY ADELEKE, *pro se*, 7332 SW 123 Place, Miami, FL 33183.

KLEIN GLASSER PARK LOWE &
PELSTRING, P.L.
Attorneys for Defendants
9130 South Dadeland Blvd.
Suite 1225
Miami, FL 33156
305.670.3700
305.670.8592 - fax
kleinr@kgplp.com


By  /s/ Richard M. Jones
    RICHARD M. JONES
    Florida Bar No.59097
    ROBERT M. KLEIN
    Florida Bar No. 230022