

ORDERED in the Southern District of Florida on July 19, 2012.

A. Jay Cristol, Judge
United States Bankruptcy Court

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

IN RE

MARY ADELEKE,                                  CASE NO. 09-16347-BKC-AJC

    Debtor.
_____/

MARY ADELEKE,                                  ADV. NO. 11-2761-BKC-AJC-A

    Plaintiff(s),

vs.

LYNN H. GELMAN, ESQ., AND LYNN
H. GELMAN, P.A.,

    Defendant(s).
_____/

**ORDER DENYING MOTION TO REOPEN CASE AND FOR REHEARING**

THIS CAUSE came before the Court for hearing on June 28, 2012 upon the *Amended Motion to Reopen Case and for Rehearing as Concerns the Order Denying the Plaintiff's Motion*

*for Remand and Granting the Defendants' Motion to Dismiss with Prejudice Dated January 19, 2012, And/or Motion for Remand* (DE 32) filed by the Debtor. The Court having considered Plaintiff's motion, the response in opposition (DE 38) filed by the Defendants (collectively referred to herein as "Gelman"), and the proffers and representations of counsel, denies the motion.

## Background and Procedural History

On April 7, 2009, Gelman filed a Chapter 11 petition in this Court on behalf Mary Adeleke. The filing of the petition stayed an impending sale on one of Adeleke's properties that had been subject to Sheriff's levy by two of her former divorce attorneys arising from a judgment of $54,688.90 for attorneys fees. The filing of the Chapter 11 petition halted the sale and gave Adeleke breathing room to handle the financial fallout from her contentious divorce; however, Adeleke proved to be an uncooperative debtor — a fact she freely admitted to. As a result, Joel Tabas was appointed as Chapter 11 Trustee on July 24, 2009.

In the Trustee's status report, he identified a number of omissions and deficiencies in Adeleke's answers, schedules, and other documents causing the Trustee to recommend converting the case to Chapter 7. At the September 23, 2009 status conference, this Court granted the Trustee's *ore tenus* motion to convert the case which was memorialized in an order dated September 25, 2009.

After the conversion, Adeleke's property that was the subject of the Sheriff's levy was sold for $800,000, an amount far in excess of the comparatively small sum contemplated during the pre-bankruptcy Sherriff's sale. This allowed the Trustee to use the money to pay off significant back taxes, the judgment from Adeleke's divorce attorneys, and other creditors. But, in the time period between the filing of the motion for sale and the final sale of the property,

2

Adeleke fired Gelman [D.E. 138 in the main case]. Over the next two years, Adeleke hired and fired several more attorneys, filed several baseless *pro se* motions to dismiss and a *pro se* appeal.

On September 27, 2011, Adeleke filed a *pro se* legal malpractice claim against Gelman in the 11th Judicial Circuit Court of Miami-Dade County while the main bankruptcy was still ongoing. [D.E. 1-3]. In it, Adeleke alleged that Gelman was negligent in rendering pre-and-post petition advice, was negligent in allowing the case to be converted to a Chapter 7, and that she was damaged as a consequence of the sale of her assets to pay off her creditors. This was despite the fact that Gelman's representation led to Adeleke's estate receiving over $700,000 that would have gone unrecovered had the Sheriff's sale initially been completed. Gelman timely removed the case to this Court, arguing that it had jurisdiction on an "arising in" basis under 28 USC §1334. Gelman then moved to dismiss the complaint, arguing that the statute of limitations had run on the claim, that it was entirely implausible and contradicted under the pleading standard set forth under *Ashcroft v. Iqbal,* 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007), that the claim was *res judicata* to the orders granting Gelman her fees, and that Adeleke had no standing to bring suit as the claim would be property of the bankruptcy estate.

Adeleke filed a *pro se* motion for remand arguing that her claim had nothing to do with events occurring during her bankruptcy [D.E. 10], but did not respond to the motion to dismiss or the subsequent memorandum in support of removal. These matters were set for hearing on January 5, 2012 and Adeleke failed to attend. She provided no explanation for her absence to either this Court or opposing counsel. This Court then entered an order on January 19, 2012 denying the motion for remand and dismissing the malpractice claim with prejudice. [D.E 23]. This Court concluded that the claim was time barred based upon Adeleke's own admission that

3

the claim was related to the decision to go into bankruptcy and that the claim was implausible under *Iqbal* and *Twombly* based upon a review of the record in Adeleke's bankruptcy case.

On May 14, 2012, months after the entry of the order dismissing the complaint with prejudice and well past the time for taking an appeal, Adeleke obtained new counsel and filed a motion seeking relief from the January 19, 2012 order. [D.E. 29]. For the reasons that follow, Adeleke's motion is denied.

## Analysis

Federal Rule of Bankruptcy Procedure 9024, which incorporates Federal Rule of Civil Procedure 60, provides that a party may seek relief from a final judgment, order, or other proceeding for one of the following six reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;(4) the judgment is void;(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

A motion filed pursuant to FRBP 9024 must be "made within a reasonable time, and, for reasons (1), (2), and (3), not more than one year "after the judgment, order, or proceeding was entered or taken." *See* Fed. R. Civ. P. 60(c). That a party has a year to file a request for relief under sections one through three does not mean that every motion must be considered if it is filed within a year. Rather, the one-year limitation represents an "extreme limit," and a motion to vacate an order will be denied if unreasonable "even though the one-year period has not expired." Wright & Miller., Federal Practice and Procedure § 11 Fed. Prac. & Proc. Civ. § 2866 (2d ed.); *see also Nat'l Capital Mgmt., LLC v. Herman*, 6:11-CV-9-ORL-28, 2011 WL 4531736 (M.D. Fla. 2011)(seven-month delay in seeking relief under Federal Rule of Procedure 60 and Rule of

4

Bankruptcy Procedure 9024 was untimely); *Limon v. Double Eagle Marine, L.L.C.*, 771 F. Supp. 2d 672, 677 (S.D. Tex. 2011)(four-month delay unreasonable).

Adeleke does not specifically indicate the subdivision under which she seeks relief; however, the motion – and counsel at oral argument – primarily argued that the legal conclusions contained in the January 19, 2012 order were erroneous. Thus, it appears that Adeleke's motion seeks reconsideration based upon mistake of law.

Adeleke's Rule 60(b)(1) motion fails for several reasons. The first reason is that the motion is untimely because it was brought after the time for filing an appeal. Adeleke argues that this Court committed several substantive errors contrary to the law when it concluded that the statute of limitations had run on the malpractice claim, that the complaint was implausible under *Iqbal* and *Twombly*, and that this Court committed error when it failed to remand the case. Such arguments at this late stage in the proceedings are untimely. "Courts and commentators have superimposed an additional limit on parties seeking relief from judicial errors of law under Rule 60(b); such a motion must be brought within the time allowed to perfect an appeal." *United States v. Real Prop. & Residence Located at Route 1, Box 111, Firetower Rd., Semmes, Mobile County, Ala.*, 920 F.2d 788, 792 (11th Cir. 1991)(citations omitted); *see also Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 579 (10th Cir. 1996). Adeleke's Rule 60(b) motion was brought roughly four months after this Court entered its order dismissing her claim with prejudice. Any appellate rights have long since expired, rendering her motion unreasonably late under any set of circumstances.

Adeleke cannot rely on her *pro se* status to support her argument that her ignorance of the law with regard to preserving her rights by filing a Rule 60(b) motion constitutes excusable neglect or mistake. Adeleke has represented herself *pro se* on many occasions and is, or should

be aware of the consequences by now. She sought leave to file an appeal, *pro se*, in the main bankruptcy case that was dismissed because she failed to timely file a statement of issues. [D.E. 255 & 297 in the main case]. She was also involved in a *pro se* appeal to the Third District Court of Appeal in *Adeleke v. Adeleke*, 41 So. 3d 225 (Fla. 3d DCA 2010). In any event, being *pro se* does not excuse a claimant from the strictures of the rules of procedure or of substantive law. It also cannot serve as a basis for Rule 60(b) relief. *See Williams v. New York City Dept. of Corr.,* 219 F.R.D. 78, 85 (S.D.N.Y. 2003). Indeed, "[o]ne who proceeds *pro se* with full knowledge and understanding of the risks involved acquires no greater rights than a litigant represented by a lawyer . . . . Rather, such a litigant acquiesces in and subjects himself to the established rules of practice and procedure," *Birl v. Estelle*, 660 F.2d 592, 593(5th Cir. 1982).

Likewise, Adeleke cannot claim that her alleged depression and illness prevented her from timely filing the motion. Illness alone does not warrant a finding of excusable neglect. *Abbey v. Mercedes-Benz of N. Am., Inc.*, 04-80136CIV, 2007 WL 879581 (S.D. Fla. 2007); *See also Provident Bank v. Bittleman*, 11-60101-CIV, 2012 WL 1414249 (S.D. Fla. 2012). Should illness "prevent compliance with an order or schedule, the party should at least bring it to the attention of the court in a timely matter." *Id.* This is the case even when a party is *pro se. See Flaherty v. Hackeling*, 221 F.R.D. 383, 387 (E.D.N.Y. 2004). Adeleke made no effort in this case to inform anyone that she would be unable to attend the hearing on her motion or to file the necessary motions to preserve her rights arising from the Court's orders, even though she has previously made similar requests in the main bankruptcy case during the course of administration.

Even if the Court could overlook the unreasonable delay and focus on the merits of Adeleke's motion for relief under Rule 60(b), it would still deny the motion. For Adeleke to

6

prevail on the motion, she must demonstrate a justification "so compelling that this Court will be required to vacate its order." *In re Bryan Rd., LLC*, 389 B.R. 297, 300 (Bankr. S.D. Fla. 2008). Because Adeleke is claiming a misapplication of the law, she must show that this Court's mistake "involved a plain misconception of law and the erroneous application of the law to the facts" "or . . . conflict with a clear statutory mandate." *Id.* (internal citations omitted). Thus, the legal error involved must be obvious and cannot constitute a mere disagreement with the reasonable conclusions of this Court. *See Fackelman v. Bell*, 564 F.2d 734, 737 (5th Cir. 1977).

Adeleke's motion and the arguments of her attorney alleged error by the Court in concluding that the statute of limitations had expired on the malpractice claim. However, Adeleke's arguments fail to adequately address the Court's conclusion that Adeleke's claim was "contradicted by the extensive record developed in her bankruptcy case" and was thus "not plausible." Adeleke made three arguments attacking this finding: (1) this Court was confined to the four corners of the complaint in evaluating the plausibility of the complaint; (2) the complaint was only required to place the Defendants on notice of the claim; and (3) any conclusions regarding her own complicity in her claim for damages were improperly asserted on a motion to dismiss.

In federal cases, after "*Twombly* and *Iqbal*, mere notice pleading is no longer sufficient for a complaint to withstand a motion to dismiss." *In re Brandon Overseas, Inc.*, 08-11035-BKC-RBR, 2010 WL 2812944 (Bankr. S.D. Fla. 2010)(*citing Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) and *Iqbal v. Ashcroft*, 556 U.S. 662 (U.S. 2009)). Rather, the complaint must do so *plausibly*. *Id.* Furthermore, as this Court observed in the January 19, 2012 order, "A court is . . . not required to accept factual claims that are internally inconsistent; facts which run counter to facts of which the court can take judicial

notice; conclusory allegations; unwarranted deductions; or mere legal conclusions asserted by a party." *Response Oncology, Inc. v. MetraHealth Ins. Co.*, 978 F.Supp. 1052, 1058 (S.D. Fla. 1997) *order clarified on reconsideration*, Case No. 96-1772-CIV, 1997 WL 33123678 (S.D. Fla. 2007). This Court may take judicial notice of the record and was not confined to the four corners of the complaint in that regard. *See Halmos v. Bombardier Aerospace Corp.,* 404 Fed. Appx. 376, 377 (11th Cir. 2010)("the court is not always limited to the four corners of the complaint"); *In re All Am. Semiconductor, Inc.,* 427 B.R. 559, 565 (Bankr. S.D. Fla. 2010*)*(" Courts may take judicial notice of public records including proceedings in its own docket as well as proceedings in other courts without the need to convert a motion to dismiss into a motion for summary judgment."). In doing so, it is evident that Adeleke's complaint for legal malpractice was so implausible that dismissal with prejudice was the only possible outcome. This Court's decision comports with binding authority in this jurisdiction. *See Jacobs v. Tempur-Pedic Intern., Inc.*, 626 F.3d 1327 (11th Cir. 2010)(dismissal with prejudice of initial complaint acceptable where cause of action could not satisfy requirements of *Iqbal* and *Twombly*).

Adeleke also alleged legal mistake with respect to this Court's decision to deny the motion for remand. First, this Court's order explicitly denied the motion for remand due to Adeleke's failure to prosecute the matter, a point not addressed by the motion for reconsideration. As to the merits of jurisdiction, Adeleke cites no authority showing this Court was an improper forum for this case. Bankruptcy courts have "arising in" jurisdiction over malpractice causes of action involving pre-and-post petition conduct of bankruptcy professionals as defined by 28 USC §1334. *See Grausz v. Englander*, 321 F.3d 467, 471 - 472 (4th Cir. 2003). As the *Grausz* court observed, it is irrelevant whether the claim belongs to the debtor or the

8

estate itself. The malpractice claim would have "no practical existence but for the bankruptcy" thus conferring this Court with subject matter jurisdiction. *Id.*

Finally, when challenging the notice of removal, Adeleke argued that her cause of action involved "negligent legal advice BEFORE the filing of the bankruptcy and giving . . . advice to file bankruptcy without exploring other options to resolve the problem" and that the "malpractice was not based upon improper handling of the bankruptcy." [D.E. 10]. This Court treated her argument as an admission that the actions for which she was seeking redress occurred prior to the filing of the bankruptcy petition on April 7, 2009, a date significantly earlier than the position advocated by the Defendants which placed the date of accrual at the point of conversion. Such an admission, which could be considered on a motion to dismiss, established a legitimate basis in the record for deeming the statute to have run by the time she filed the malpractice complaint. Thus, her claimed "injury" would have occurred by the time the Chapter 11 petition was filed and the bankruptcy estate was created. *See In re Alvarez*, 224 F.3d 1273, 1277 (11th Cir. 2000). Additionally, this argument leads to the conclusion that Adeleke would have no standing to pursue the malpractice claim because it would necessarily have been property of her bankruptcy estate. *See In re Alvarez*, 224 F.3d 1273 (11th Cir. 2000).

Contrary to Adeleke's argument, she could or should have known or, at least, discovered the claimed malpractice during the period of time leading up to September 27, 2009, particularly because, as she has argued, the claim was not based on the improper handling of the bankruptcy.

The Court finds the motion is untimely; but, even if the Court considered the motion on the merits, Adeleke is not entitled to relief. For the foregoing reasons, it is

**ORDERED AND ADJUDGED** that the motion for reconsideration is DENIED.

###

**Submitted by:**
Richard M. Jones
Florida Bar No: 059097
jonesr@kgplp.com
Klein Glasser Park Lowe & Pelstring, PL
9130 S. Dadeland Blvd., Suite 1225
Miami, FL 33156
Tele:   305.670.3700
Fax:    305.670.8592

Attorney Jones is directed to serve a copy of this Order upon all interested parties, and to file a certificate of service.